SAMUEL WOLCHOK, as President of Retail, Wholesale & Department Store Union, C.I.O., et al., Appellants, *v.* SAMUEL KOVENETSKY, as President of Macy Department Store Employees Union, Local 1-S, Unaffiliated, et al., Respondents.

First Department, October 25, 1948.

*Jerome G. Rosenhaus* of counsel (*Samuel Markewich* and *Arthur K. Garfinkel* with him on the brief; *Markewich, Rosenhaus & Markewich*, attorneys, for Samuel Wolchok, as President of the Retail, Wholesale and Department Store Union, C.I.O., appellant, and *Bernard Kronthal*, attorney for Vincent Gates and others, as individuals), for appellants.

*Victor Rabinowitz* of counsel (*Belle Seligman* and *Robert B. Seidman* with him on the brief; *Neuburger, Shapiro, Rabinowitz & Boudin*, attorneys), for respondents.

SHIENTAG, J.  In this action for an injunction, a temporary injunction was denied, and plaintiff appeals from that order.

There is now in existence a collective bargaining agreement (hereinafter called the " agreement ") entered into between the employer, R. H. Macy & Co. (hereinafter called " Macy ") and a union described as Local 1-S, of the Retail, Wholesale and Department Store Union, C.I.O. (hereinafter called " Local 1-S, C.I.O.") which agreement the international union also signed as a party.  This agreement does not expire until January 31, 1949, and the employer desires to perform all of its obligations thereunder and to retain all of its benefits.  Defendant, which calls itself Local 1-S (unaffiliated), consists of employees of Macy who purported to take over the affairs and the administration of Local 1-S, C.I.O.  This defendant claims to be the same local which made the collective bargaining agreement with Macy and asserts that the circumstance that it has since withdrawn its affiliation with the international does not make it less the contracting party.  Plaintiff international union and ten individuals claiming to be members of Local 1-S, C.I.O., bring this action for injunctive relief against defendant.

The following issues have arisen between the parties: (1) Who is entitled to the funds, records and documents of Local 1-S, C.I.O. and who has the right to administer its affairs?  (2) Has defendant union the right to use the designation " Local 1-S " as part of its name, Local 1-S (unaffiliated)?  (3) Who is now

entitled to administer the present unexpired collective bargaining agreement with R. H. Macy & Co.? (4) Who is entitled to negotiate a future collective bargaining contract with that employer.

This lawsuit involves the first three questions and has nothing whatever to do with the fourth question. The first two issues deal entirely with a controversy within a union. They clearly do not come within the category of a "labor dispute" within the meaning of section 876-a of the New York Civil Practice Act. However, the court below, in the exercise of a sound discretion, was warranted in denying an injunction *pendente lite* with respect to those issues, for the affidavits present sharply contested issues of fact which should be resolved upon a trial.

The remaining issues are (3) which group is now entitled to administer the present collective bargaining agreement with R. H. Macy & Co. and (4) which group is entitled to negotiate a future collective bargaining contract with that employer. It should again be emphasized that this lawsuit involves only question (3) above and has nothing whatever to do with the fourth question. Since it is conceded that Macy is engaged in interstate commerce, the group which is entitled to negotiate a future contract with the employer must be determined by the National Labor Relations Board in accordance with outlined statutory procedure and does not come within the jurisdiction of this court (*Fur Workers Union, Local No. 72* v. *Fur Workers Union, No. 21238,* 105 F. 2d 1, affd. 308 U. S. 522).

We are left, then, with the consideration of the question as to which group is entitled at this time to administer the present unexpired agreement. This issue involves not a question of representation but a question of present contractual rights. In substance the question is: Who is the real party to the existing collective bargaining agreement now entitled to enforce it in accordance with its terms? That depends upon the legal status of the unaffiliated union, whether or not that union is in fact and in law the party with whom the existing agreement was entered into and whether it is entitled to have its (the unaffiliated union's) officers deal with Macy at this time under and pursuant to that unexpired agreement. That being so, the controversy is one within the union concerning existing contract rights and who is entitled to enforce them, and does not constitute a "labor dispute" within the meaning of section 876-a of the Civil Practice Act (*Triboro Coach Corp.* v. *New York State Labor Relations Board,* 286 N. Y. 314; *Alexion* v. *Hollingsworth,* 289 N. Y. 91).

This agreement covers wages, hours, working conditions, discharges, union recognition, grievance procedure, and other matters usual in such contracts. It includes provision for a union shop and check-off by the employer of union dues. There is an arbitration clause for grievances, in case of inability to settle them with the management, ordinarily through the intervention of the shop steward or the business agent of the union. Arbitration of unsettled grievances is made compulsory, and it is further provided that '' Pending a decision of such Arbitrator and thereafter and so long as the Employer shall comply with the decision of such Arbitrator, the Union will not cause, sanction or take part in any strike (whether sit-down, stay-in, sympathetic, general or of any other kind), walkout, picketing, stoppage of work, retarding of work or boycott, whether of a primary or secondary nature, or any other interference with the operation and conduct of the Employer's business.''

In substance, therefore, we have here presented a controversy between two groups as to who is now entitled to be treated as the party to the existing agreement and whose officers are entitled to enforce its provisions. That question, although it does not involve a labor dispute under section 876-a of the Civil Practice Act, cannot be determined on affidavits; it must await a trial. Pending the trial, which we shall order to proceed immediately, the integrity of the existing unexpired agreement must be preserved by all parties concerned; the *status quo* is to be maintained so far as possible, without prejudice to the employer or to either group. Because these two groups are disputing between themselves is no reason why Macy should in any way be prejudiced or its rights under the existing agreement, which it desires fully to carry out, be any way impaired. Macy is willing to carry out the terms of this unexpired agreement with whomever the court shall hold to be entitled to proceed thereunder. But neither group of employees has any right to violate or to interfere with its basic terms.

In order, therefore, to preserve the agreement and to maintain the *status quo* as nearly as may be, injunctive relief will be granted only to the following extent:

(a) The '' check-off '' provided for by the existing collective bargaining agreement, when it is collected pursuant to its terms by R. H. Macy & Co. shall be retained by Macy and deposited in a special account to await the judgment or further order of the court.

(b) Both groups will, in the interest of justice, be restrained from interfering with the machinery now set up under the

existing collective bargaining agreement for the adjustment of grievances and disputes, including employees' grievances, under the grievance and arbitration procedure machinery provided under that agreement.

We have been advised that the machinery for the adjustment of grievances is now functioning through shop stewards who some time ago were chosen by vote of the employees concerned. If occasion arises for resort to the arbitration machinery provided for under the contract, that may well be deferred.

The order appealed from should accordingly be modified as herein indicated, and as so modified affirmed, without costs and with the direction that the cause proceed to an immediate trial.

COHN, J. (dissenting in part). The majority opinion correctly and concisely states the four issues which have arisen between the parties. I concur in the finding that no one of the first three issues set forth involves a labor dispute. Which group is entitled to negotiate a future contract with R. H. Macy & Co. after the present agreement expires on January 31, 1949, I agree, is not before us and does not, in any event, come within the jurisdiction of this court.

However, to the extent that the majority affirms the order denying complete injunctive relief as to the first three issues stated, I dissent. Upon the record before us it appears that the charter granted by the international union to Local 1-S has not been revoked, suspended, annulled or dissolved by the plaintiff International and that more than seven members remain in Local 1-S. Individual members of Local 1-S have a perfect right to leave that union and to organize another. But they may not thereafter appropriate the name, the property or the records of the original group nor may they administer the present unexpired employment agreement with R. H. Macy & Co.

Accordingly, I dissent and vote to reverse the order and grant a temporary injunction as indicated.

DORE, J. P., CALLAHAN and VAN VOORHIS, JJ., concur with SHIENTAG, J.; COHN, J., dissents and votes to reverse and grant a temporary injunction as indicated, in opinion.

Order appealed from is modified by granting in part a temporary injunction as indicated in opinion, and as so modified affirmed, without costs; and the cause is to proceed to an immediate trial. Settle order on one day's notice.