## DURKIN v. JOHN HANCOCK MUT. LIFE INS. CO.

United States District Court
S. D. New York.

May 8, 1950.

1. No opinion for publication.

894

---

Neuburger, Shapiro, Rabinowitz & Boudin, New York City, for plaintiff.

Oeland & Kuhn, New York City, for defendant.

Irving Abramson, New York City, for amici curiae.

CLANCY, District Judge.

This is an action for a declaratory judgment brought by James H. Durkin, individually and as President of the "United Office and Professional Workers of America", a labor union, against the defendant John Hancock Mutual Life Insurance Company. The plaintiff seeks a declaration of its rights under a certain contract which it made with defendant, to the collection by defendant and its disposition of certain funds under the check-off provisions of that contract. Defendant is alleged to have failed to turn over these funds, to have encouraged members of plaintiff's union to revoke their irrevocable assignments, and to have brought a series of lawsuits in State Courts, the purpose of which is to harass the plaintiff. Plaintiff now moves for a temporary injunction enjoining the defendant from instituting or prosecuting any other lawsuits with respect to these funds, from failing to make deductions from employees' wages in accordance with the contract, and from urging employees to revoke or attempt to revoke their authorizations.

Defendant has not yet answered. Resisting the motion, it says that at the time the contract was made plaintiff was affiliated with CIO but has since been expelled from that organization. Following that expulsion many of its employees who had executed their irrevocable authorizations have revoked these authorizations, holding that plaintiff no longer represents them and that the irrevocable feature of the authorizations no longer binds them. The defendant has so far instituted three lawsuits in State Courts all in the nature of interpleader joining as defendants plaintiff and those employees who have given notice of revocation, and in one case another labor union. The defendant's position in these interpleader actions is that of a stakeholder and on this motion it maintains that if enjoined from commencing or prosecuting such lawsuits it will be harassed with numerous lawsuits on the part of its employees who have revoked their authorizations, six of which suits have already been commenced.

Plaintiff, defendant, and local 1706 of the CIO as amicus curiae have gone extensively into the merits of this case but a decision amounting to a decision on the merits is unnecessary for determination of this motion. In so far as plaintiff claims defendant has encouraged its employees to revoke their authorizations, an issue of fact is raised which can only be determined after trial. In so far as the plaintiff seeks to restrain defendant from failing to withhold the dues, his motion is granted. Defendant denies such failure but on the argument it seemed that it might have happened. Failure to withhold the funds is hardly consistent with its position of stakeholder in its interpleader suits.

With respect to enjoining the defendant from commencing and pursuing its actions in the State Courts, it would seem that the dissenting employees have at least a colorable claim to the deductions from their wages. On the facts before us it would be presumptuous to decide that there was no basis for the claims. Independent of

all factual issues there are many questions of law involved which a present determination by this Court would not conclusively resolve. Schatte v. International Alliance of Theatrical State Employees et al., D.C., 70 F.Supp. 1008, affirmed 9 Cir., 165 F.2d 216, certiorari denied 334 U.S. 812, 68 S. Ct. 1018, 92 L.Ed. 1743; Wolchok v. Kovenetsky, 274 App.Div. 282, 83 N.Y.S.2d 431; Albert Barbain v. Superior Meter Co., Inc., 275 App.Div. 962, 90 N.Y.S.2d 29.

 The purpose of a temporary injunction is to preserve the status quo pendente lite and in effecting that purpose it is the Court's duty to balance the conveniences of the parties and possible injuries to them. Yakus v. U. S., 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834. Where, as here, harassment by a multiplicity of lawsuits is the ground upon which the plaintiff seeks the Court's relief and there appears a reasonable probability of even greater harassment to the defendant by a multiplicity of suits and there further appear sharp questions of law and fact to be determined, the motion for that relief should be and is denied. Sneider v. Transcontinental & Western Air, Inc., D.C., 79 F. Supp. 339, 341, and cases cited.