**FITZGERALD et al. v. DILLON et al.**
Civ. 10746.

United States District Court
E. D. New York.
June 27, 1950.

David Scribner, Arthur Kinoy, New York City, and Linder & Mayer, for the plaintiffs.

Herman Cooper, New York City, for defendants.

RAYFIEL, District Judge.

For a number of years United Electrical, Radio and Machine Workers of America, (hereinafter referred to as UE), was a member or affiliate of the Congress of Industrial Organizations. Last fall it was expelled, reportedly because of serious ideological differences between factions both in its own organization as well as the said Congress.

A number of its officers and members then organized the International Union of Electrical, Radio and Machine Workers, CIO, (hereinafter referred to as IUE), affiliated with the said Congress, and is now engaged in a contest with UE for the right to represent the workers in the electrical manufacturing industry.

During its expansion UE established and chartered new locals, in areas and plants where it had not theretofore been represented, designating them by certain numbers which were publicized in their contracts and correspondence and elsewhere.

IUE has already organized and chartered a number of locals in plants and areas where UE locals have been functioning, and is engaged in a campaign to solicit members of UE locals to join its locals in such plants and areas.

Many, if not all of the locals thus organized by IUE have been designated by local numbers identical with those of the rival UE locals.

Plaintiffs, by order to show cause, seek to restrain the defendants from designating any local which they may hereafter charter by the same local number as the UE local then in existence in the same plant or area.

The defendants, by cross-motion, move to dismiss the complaint on the following four grounds:—(1) that it fails to state a claim against the defendants upon which relief can be granted; (2) that the Court lacks jurisdiction of the subject matter; (3) that it fails to join indispensable parties; (4) that the amount in controversy is less than $3000, exclusive of interest and costs.

On the argument of the motions the plaintiffs served and filed an amended bill of complaint wherein certain named UE locals were joined as parties plaintiff. It was then stipulated that the cross-motion herein was to be deemed addressed to the said amended complaint.

Let us consider first defendants' motion to dismiss the complaint. The jurisdictional questions raised here have been passed upon recently by Judge Rifkind in the case of Fitzgerald v. Abramson, D.C., 89 F.Supp. 504, and by Judge Bard in Fitzgerald v. Block, D.C., 87 F.Supp. 305.

Both of these actions were class suits, similar in nature to the one at bar, and both Judge Rifkind and Judge Bard held that there was jurisdiction on the ground that the amount in controversy exceeded $3000, and that there was diversity of citizenship. It is well settled that in a class action the citizenship of the representatives only is relevant. Supreme Tribe of Ben Hur v. Cauble, 1921, 255 U. S. 356, 41 S.Ct. 338, 65 L.Ed. 673; Tunstall v. Brotherhood of Locomotive F. & E., 4 Cir., 148 F.2d 403.

In the amended bill of complaint plaintiffs have joined as additional parties plaintiff certain named locals of the UE whose places of residence are not within this district, and which sue in their own respective interests and as representatives of all other UE locals. Mr. Justice Story laid down the following requirements (quoted 148 F.2d at page 404 of Tunstall v. Brotherhood, etc., supra,) for cases in which a class suit is proper: "1. Where the question is one of a common or general interest, and one or more sue or defend for the benefit of the whole. 2. Where the parties form a voluntary association for

public or private purposes, and those who sue or defend may fairly be presumed to represent the rights and interests of the whole; and 3. Where the parties are very numerous, and though they have or may have separate and distinct interests, yet it is impracticable to bring them all before the court."

■ The number of locals affiliated with UE at or prior to its expulsion from the Congress of Industrial Organizations was approximately 400, and the matter of designating them by numbers or names is of general interest to all of them. It would be impossible to join all of them in one action and hence the designation of certain named locals to sue on behalf of all in a class suit is proper.

■ The defendants further contend that the Norris-La Guardia Act, 29 U.S. C.A. § 101, applies to this action and deprives this Court of jurisdiction. I do not agree. The controversy between the parties to this action is not a "labor dispute" within the meaning and contemplation of the statute. The plaintiffs brought this action to determine who is entitled to the use of the names or numbers of the locals. Fitzgerald v. Abramson, supra; Wolchok v. Kovenetsky, 274 App.Div. 282, 83 N.Y.S. 2d 431.

Considering now the motion for a temporary injunction: the plaintiffs seek thereby to prevent the defendants, during the pendency of this action, from designating any new locals they may charter by the same numbers as the UE locals then in existence in the same plant or area. Plaintiffs claim that large sums of money have been spent to publicize the local numbers; that they constitute a valuable property right; that the appropriation of these numbers by the defendants will confuse the general public, employers, workers in the electrical manufacturing industry and the trades-people with whom the various locals do business. The defendants deny this, and have submitted the affidavits of a number of employees in various plants in which both the UE and IUE locals function to the effect that the similarity in numbers does not cause confusion, and that the letters UE and IUE, CIO provide adequate distinguishing characteristics.

I am satisfied from an examination of the moving papers herein, and from the oral argument, that UE, in the organization of its subordinate locals, has spent large sums of money in publicizing its activities, in reporting contract negotiations and in familiarizing its members and other workers in the industry with its service to them. This has necessarily involved the frequent publication and repetition of the numbers of its locals, which have thus acquired prestige and distinction, to no less an extent than if the locals were identified by distinctive names.

It is no mere chance that each local heretofore organized by IUE has borne the same number as the UE local then functioning in the same area or plant. I believe that the difference between local numbers is far more distinguishing than the difference between the designations UE and IUE.

■ Desertion from the ranks of an organization should be the voluntary act of the member involved and not the result of error. Neither confusion nor misunderstanding should influence a choice. Under these circumstances equity will intervene. American Steel Foundries v. Robertson, 269 U.S. 372, 46 S.Ct. 160, 70 L.Ed. 317; National Circle, Daughters of Isabella v. National Order of Daughters of Isabella, 2 Cir., 270 F. 723; Fitzgerald v. Block, supra.

■ I am not impressed by defendants' contention that the application for an injunction should be denied for the reason that granting of it would do greater injury to the defendants than a denial thereof would occasion the plaintiffs.

Plaintiffs' application affects only those locals to be organized after the issuance of the order to show cause herein, and asks only that the defendants be enjoined from using local numbers similar to those of UE locals in the same area or plant. Except

for that restriction IUE may charter new locals without limitation.

Accordingly plaintiffs' motion is granted and the defendants' cross-motion denied. Settle order on notice.