Irving H. Saypol, J.
Plaintiff moves for a temporary injunction and defendants, appearing specially, cross-move (1) to vacate the service of the summons and to dismiss the complaint as to the defendant Bookbinders & Machine Operators Union No. 25, A. F. L., for lack of jurisdiction of the person and (2) for dismissal of the complaint upon the ground that the court lacks jurisdiction over the subject matter by reason of its pre-emption by Federal statutes. The special appearance has been withdrawn as well as the application to vacate the service *90 of the summons. The affidavits submitted in support of the second branch of the cross motion are considered also in opposition to plaintiff’s motion. The motion and the second branch of the cross motion are consolidated.
The action is representative in behalf of employees of American Looseleaf Corp., for a permanent injunction to restrain the defendant union from negotiating and bargaining on their behalf.
The union had petitioned the National Labor Relations Board (hereafter referred to as “ NLRB ”) for an election and certification. By its order of January 19, 1955 it was found that the employer is engaged in commerce, and a question affecting commerce exists concerning representation, within the meaning of the act; that the production and maintenance employees at the employer’s New York plant constitute a unit appropriate for collective bargaining, and an election was ordered. On February 21, 1955, the board certified the union as the exclusive agent for the unit. The employer refused to bargain and the union filed an unfair labor practice charge which resulted in an order on August 1, 1955, to cease and desist from refusing to bargain or interfering with the union’s efforts to bargain, and directing the employer to bargain upon request and to post the order at its plant and to notify the board of what steps were taken in compliance. Upon the employer’s continued refusal, the union petitioned for an enforcement order which issued (231 F. 2d 664 [C. A. 2d]) on May 3, 1956. The union, believing that the employer was acting in a manner to break down negotiations, concluded to accept terms which were reached on November 26, 1956, to be reduced to a formal agreement which the union prepared and forwarded to the employer on November 28, 1956.
On November 28, or 29 of 1956, this plaintiff filed a petition with the NLRB for decertification of the union as agent. On December 14, 1956, the regional director dismissed the decertification petition, stating that no further proceedings were warranted since “no question concerning representation exists ’ ’ because there was currently pending before the board “ in enforcement ” an order directing the company to bargain collectively with the union. On January 16, 1957, on appeal, the board at Washington, D. C., reviewed and determined that the outstanding court decree enforcing the board order directing the employer to bargain had not been complied with and rendered the petition untimely, and the petition for review was dismissed. On January 15, 1957, the employer’s petition to *91 the Court of Appeals, Second Circuit, to be relieved from its enforcement order of May 3, 1956 was denied.
The essential proposition now, conceding the force of the doctrine of Federal pre-emption between employer and certified union, as appears from the record, appears to be whether the prospective employee-beneficiaries who have disavowed their champion, the union, may be subjected to those conditions and incidents of labor which may result from negotiations and contract by the union ostensibly on their behalf.
It would seem clear that any intervention by this court would not only be an intrusion into interstate commerce and an interference with the NLRB which has exclusive jurisdiction, but also with its order and the order of enforcement of the United States Court of Appeals, Second Circuit.
Plaintiff relies on those cases in which the State court assumed jurisdiction, although a question existed affecting commerce but in which the ground for the action is the claimed commission of a common-law tort. If this defendant union proceeds under its certification and bargains with the employer, having secured a board order and an enforcement order, it cannot be said to be committing a common-law tort in any manner whatever. Thus in Park & Tilford Import Corp. v. International Brotherhood of Teamsters (27 Cal. 2d 599), the union was enjoined from engaging in concerted activities in connection with unlawful demands made upon the employer but not from organizational picketing conducted after the national board had dismissed proceedings before it and exhausted its jurisdiction. There was no matter then pending before it. In Arkansas Oak Flooring Co. v. United Mine Workers of America (227 La. 1109), jurisdiction in the State court was recognized where the employer was engaged in interstate commerce because the union had failed to comply with statutory provisions requiring the filing of noncommunist oaths and thus the NLRB had no jurisdiction to entertain a petition which would involve that union whether it was filed by the employer or the union. It was there stated, however, that the NLRB is the only administrative agency with authority to certify where commerce is affected and it is the only agency which has the machinery for conducting the elections that determine such questions. Delaware, Lackawanna & Western R. R. Co. v. Slocum (299 N. Y. 496) was an action in which the railroad sought a judgment declaring under which of two collective bargaining agreements “ crew callers ” fell. It was held that the plaintiff sought no rights under the Railway Labor Act (U. S. Code, tit. 45, §§ 151 et seq.) so as to require *92 action by the Railroad Adjustment Board, but sought the construction of contracts. It was determined as fact that the dispute was between two unions rather than with the railroad; also that no proceeding was pending before the board and there was no attempt to stay or to oust the board. Here the dispute is between the union and the employees.
Plaintiff argues that if the present status is not preserved, he and his co-employees who no longer wish the union to represent them, will be prejudiced unless there is a stay pending a proper disposition made of matters pending in another forum. While as a general proposition that may be true, it does not meet the issue of exclusive and pre-empted jurisdiction. If protection by preservation of the status quo cannot be secured in the Federal jurisdiction, it must be deemed to arise from error in plaintiff’s position. In any case what amounts to review of acts under Federal jurisdiction may not be had here. Restraint to maintain the status quo is permissible if jurisdiction obtains. Thus in Isbrandtsen Co. v. Schelero (118 F. Supp. 579), it was held that the courts of the State of New York may function in cases of injurious conduct in areas comprehending labor relations which the NLRB is without express power to prevent and are, therefore, governable by the State or are entirely ungoverned. The injurious conduct there involved no unfair labor practice cognizable under the National Labor Relations Act and it was for that reason that the matter was remanded to the State court for disposition. In Wolchok v. Kovenetsky (274 App. Div. 282), it was held that the question of who may negotiate a future contract affecting commerce is a matter for the NLRB and is not within the jurisdiction of the State court while the question of who may administer a present agreement is a question of legal status and is a State question. There the injunction was granted to preserve the agreement and to maintain the status quo because of a dispute as to administration which was peculiarly a State question. Here the plaintiff’s ambition is to preserve the status quo not with respect to an existing agreement but as to who should make a future agreement. Finally, plaintiff relies on Bickford’s Inc. v. Mesevich (107 N. Y. S. 2d 369). There the holding was that while the employer had invoked the NLRB machinery for determination of representation it did not lose the right to resort to the State courts with respect to unlawful picketing by a union whose refusal to comply with the act had prevented the holding of an election. It is not shown that the union here has done anything which is susceptible of claimed violation *93 of the act, of a hoard or court order or has done anything capable of inviting a charge of any injurious conduct.
State courts have been denied jurisdiction where the NLRB had taken jurisdiction of a particular industry but where with respect to the question of unionization of foremen it had not taken or ceded jurisdiction to the State. Despite the refusal of the NLRB to take jurisdiction, it was denied to the States (Bethlehem Steel Co. v. New York State Labor Relations Bd., 330 U. S. 766). State jurisdiction has been denied to prohibit the exercise of rights which the Federal act protects, or to enjoin under its own labor statute conduct which has been made an unfair labor practice by the Federal statutes or to interfere with certification problems where the Federal board, if called upon, would use its certification procedure (Weber v. Anheuser-Busch Inc., 348 U. S. 468). A State, however, may enjoin mass picketing, threats of injury to personal property, and similar injurious conduct, or conduct which is neither prohibited nor protected by the Taft-Hartley Act and thus open to State control, such as the enforcement of a maintenance-of-membership clause in a contract, since the Federal act neither sanctions nor forbids such clause, or to grant redress as to any common-law tort, if there was no compensatory or administrative relief under the Federal act (Weber v. Anheuser-Busch, Inc., supra). Indeed, in this case, if the union did not continue to bargain and contract with the employer, it would be violating at least impliedly the order which directed the employer to bargain and contract and which the union had invited. Regulation by restraint is for the Federal jurisdiction where commerce is involved and common-law principles of principal and agent are not controlling where the actions involved are ground for invoking the Federal jurisdiction. Thus in Garner v. Teamsters, Chauffeurs and Helpers Local Union No. 776 (346 U. S. 485), it was held that the prevention of unfair labor practice under the Labor Management Relations Act is exclusively in the Federal jurisdiction and not the subject of State jurisdiction. There is no division of public and private rights between the Federal and State jurisdiction. The National board, having taken jurisdiction under the act, the State jurisdiction in the circumstances here is ousted. State action is an intrusion, where, as by the National Labor Relations Act, Congress invests the National agency with exclusive jurisdiction; and a United States court may stay State court proceedings where necessary in aid of its jurisdiction (U. S. Code, tit. 28, § 2283; Capital Service v. National Labor Relations Bd., 347 U. S. 501).
*94 The motion for temporary injunction is denied and the cross motion to dismiss the complaint for lack of jurisdiction of the subject matter is granted.
Settle order.