## (June 30, 1959)

■ In the Matter of the Arbitration between DAVID KLEIN, as President of United Optical Workers Union, Local 408, IUE, AFL–CIO, Appellant, and STYL-RITE OPTICS, INC., Respondent. DISTRICT 65, RETAIL, WHOLESALE AND DEPARTMENT STORE UNION, AFL–CIO, Intervenor-Appellant.

APPEAL by petitioner from an order of the Supreme Court at Special Term, entered May 6, 1959, in New York County, which denied a motion by petitioner for an order directing arbitration.

MEMORANDUM BY THE COURT. The purported collective bargaining agreement reveals, on its face, a substantial question as to its validity under the National Labor Management Relations Act (U. S. Code, tit. 29, § 151 *et seq.*). Moreover, the National Labor Relations Board has taken jurisdiction of the very issue. If the agreement is invalid the arbitration clause falls with it. Exclusive jurisdiction to determine the validity of the agreement resides in the board under the Federal statute. Hence, when the issue is raised substantially on the face of the agreement the State court should not make the initial determination of its validity, despite the fact that such validity is a condition precedent to directing arbitration under the agreement. In a recent case determined by this court (*Matter of Duralite Co.* [*Local 222*], 8 A D 2d 716), it was held, on similar principles, that an arbitration was properly stayed. There, a collective bargaining agreement had been similarly attacked as violative of the Federal statute, and there also the National Labor Relations Board had actually taken jurisdiction. In consequence, the doctrine of pre-emption, as developed in the Federal cases, precludes this court from determining the question raised as to the validity of the agreement. *Matter of Carey* (*Westing-*

*house Elec. Corp.*) (6 A D 2d 582) did not involve invalidity in the agreement, but an asserted prospective violation of public policy in an award if reinstatement were ever granted. Similarly distinguishable is *Lodge No. 12* v. *Cameron Iron Works* (257 F. 2d 467, cert. denied 358 U. S. 880), in which the breach of performance under the agreement might have also constituted an unfair labor practice under the Federal statute. There is no question but that there is no pre-emption of enforcement by arbitration or by action in a State court of voluntary agreements merely because a breach might also invoke a Federal remedy. An altogether different issue is raised when validity of the agreement is substantially in issue, as distinguished from breach in the performance under the agreement.

M. M. FRANK, J. (dissenting). The petitioner, United Optical Workers Union, Local 408, appeals from an order denying its application made pursuant to the Civil Practice Act (§ 1450), to compel Styl-Rite Optics, Inc., the employer, to arbitrate.

Prior to August 1, 1957, the employer maintained two plants, at one of which a collective bargaining agreement existed with District 65, Retail Wholesale and Department Store Union, and at the other with Local 408. Both unions are affiliated with the American Federation of Labor–Congress of Industrial Organizations. The employer contemplated the establishment of one new plant to combine the operations of both the others. Thereupon a dispute arose as to which of the unions was to represent the employees in the single plant. The dispute was resolved by the execution of an agreement by the AFL–CIO and the employer to terminate on September 1, 1959, as well as a collateral contract by the two unions. The contract with the employer covers all routine problems such as wages, hours, vacations, and the adjustment of disputes by arbitration. In addition, all the parties agreed that Mr. George Meany, President of the AFL–CIO, was to designate the union to be recognized as the sole bargaining agent. Thereafter Mr. Meany, by letter dated June 2, 1958, designated Local 408.

On February 19, 1959, a dispute arose between the employer and Local 408 concerning the discharge of an employee, and the alleged failure of the employer to check off union dues and hire employees in accordance with the terms of the agreement. Upon the employer's refusal to comply with a demand to arbitrate, Local 408 initiated this proceeding.

In resisting the application, the employer makes several contentions. It argues that the arrangement to permit Meany to name the union to be recognized as the bargaining agent was an unfair labor practice violative of the National Labor Relations Act, and constituted a usurpation of the authority of the National Labor Relations Board in an area within its exclusive jurisdiction. Styl-Rite asserts that Local 408 represents only 29 of a total of 350 employees, and that Local 408, therefore, does not have a majority of the employees. In connection therewith, the employer alleges that it has petitioned the National Labor Relations Board to rule on the legality of the plan formalized in the contracts, and that if that agency should find that the method adopted was illegal, to certify the union to represent the employees.

The respondent's error lies in its attempt to fuse two separate issues, with only one of which we are concerned. The problem as to whether Local 408 or District 65 is to be the bargaining agent in the negotiations of a new contract is separate, distinct and separable from the problem concerning the enforcement of the contract now before us. The former requires determination by the N. L. R. B. and is within its exclusive jurisdiction. Insofar as the present contract is concerned, it should be held to be valid and enforcible, at least until the National Labor Relations Board strikes it down, if it ever does

(*Wolchok* v. *Kovenetsky,* 274 App. Div. 282). The courts have consistently endeavored to sustain labor contracts intended to remove sources of industrial strife (see *Triboro Coach Corp.* v. *Labor Relations Bd.,* 286 N. Y. 314). It is a fair conclusion that the contract under consideration was designed with that objective.

A reference has been made to *Matter of Duralite Co.* (*Local 222*) (8 A D 2d 716). In our view, that case has no applicability here. There, the local seeking arbitration had become disaffiliated from its parent and from the AFL–CIO, followed by a mass defection of its employee-members. The local thereupon demanded the discharge of the employees and, when the employer refused to comply, sought arbitration. The collective bargaining contract has been made with the local as a member of the international and as an affiliate of the AFL–CIO. When that relationship terminated, several threshhold questions were presented, such as whether the party seeking arbitration was the same party which had entered into the agreement, and whether the contract was terminated or frustrated. The demand for the mass discharge of employees was inextricably interwoven with the question of identity and representation. All of those questions had been pending before the N. L. R. B. prior to the time that arbitration was demanded. Under that state of facts, the principle of pre-emption was properly applied. The factual situation in this case is quite different.

On an application such as this, the only issues to be resolved are whether a valid agreement to arbitrate exists and whether there is a dispute arising thereunder. (*Matter of Carey* [*Westinghouse Elec. Corp.*], 6 A D 2d 582; *Matter of Culinary Bar & Grill Employees* [*Schiffman*], 272 App. Div. 491, affd. 299 N. Y. 577.) In *Matter of Carey,* we held that the injection of questions of public policy was premature and they were not to be considered on an application to compel arbitration. In rejecting the claim of Federal pre-emption, as without merit, we cited *Lodge No. 12* v. *Cameron Iron Works* (257 F. 2d 467, cert. denied 358 U. S. 880.) with approval. That case held that an employer must proceed to arbitration, notwithstanding the fact that the acts charged may also constitute an unfair labor practice falling within the exclusive province of the N. L. R. B.

In *Matter of Levinsohn Corp.* (*Cloak, etc., Union*) (299 N. Y. 454, 463), the Court of Appeals, in referring to this court's determination to the effect that portions of the labor contract were necessarily illegal until the N. L. R. B. ruled that the union represented a majority, said: "If any presumption is to be indulged in where a formal collective bargaining agreement has been entered into, it is the ordinary presumption of legality. Nothing in the act and no authority or rule of law is called to our attention which requires us to presume that all union or closed shop provisions are prima facie illegal, so that as a condition precedent to arbitration under a collective bargaining contract, the union must show that the National Labor Relations Board has previously established the appropriate collective bargaining unit and that the union is the majority representative in such board established unit."

We must conclude that the argument against arbitration is unsupportable. All the parties took cognizance of the conflict in jurisdiction and contracted for the arrangement that culminated, pursuant to the agreements, in the designation of Local 408. We see nothing in the nature of an unfair labor practice or against public policy in the arrangement. On the contrary, it served a salutary purpose for it prevented strikes, strife and bitter interunion conflict. There is no requirement that an election be held as a condition precedent to the signing of a bona fide collective bargaining agreement. It is common knowledge that thousands of labor contracts are executed and enforced, despite the fact that no

elections preceded their consummation. (See *Triboro Coach Corp.* v. *Labor Relations Bd., supra.*)

Under the circumstances, the order denying arbitration should be reversed and the motion to direct arbitration granted.

Breitel, J. P., Rabin and Stevens, JJ., concur in Memorandum by the Court; M. M. Frank, J., dissents in opinion, in which McNally, J., concurs.

Order denying petitioner union's motion to compel arbitration affirmed, with $20 costs and disbursements to respondent, Styl-Rite Optics, Inc., against the petitioner-appellant-respondent.