**TUNSTALL v. BROTHERHOOD OF LOCO-
MOTIVE FIREMEN AND ENGINE-
MEN et al.**

No. 5125.

Circuit Court of Appeals, Fourth Circuit.

April 9, 1945.

Charles H. Houston, of Washington, D.
C. (Joseph C. Waddy, of Washington, D.
C., on the brief), for appellant.

William G. Maupin and James G. Martin, both of Norfolk, Va. (Harold C. Heiss
and Russell B. Day, both of Cleveland,
Ohio, on the brief), for appellees.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is a suit by a Negro fireman employed by the Norfolk-Southern Railway Company, who brings the suit in behalf of himself and other Negro firemen employed by that company. The defendants are the railway company, the Brotherhood of Locomotive Firemen and Enginemen, certain subordinate lodges of that brotherhood and one of the officers of a local lodge. The gravamen of the complaint is that the brotherhood has been selected as bargaining agent of the firemen of the defendant railway company; that it excludes Negro firemen from membership; that it has negotiated a trade agreement with the company discriminating against Negro firemen; and that as a result of this agreement plaintiff has suffered discrimination with respect to seniority rights and has been damaged thereby. The relief asked is a declaratory judgment to the effect that the brotherhood as bargaining representative is bound to represent fairly and without discrimination all members of the craft, an injunction restraining the defendants from giving effect to the trade agreement in so far as it discriminates against Negro firemen and restraining the brotherhood from acting as bargaining representative of Negro firemen so long as it refuses to represent them fairly and impartially, an award against the brotherhood for damages sustained by plaintiff, and an order that plaintiff be restored to the position to which he would be entitled by seniority in absence of the contract.

In the court below motions were made to dismiss the case on the grounds that process had not been served on the brotherhood and one of its subordinate lodges and that the court was without jurisdiction of the causes of action alleged. The court overruled the motion based on lack of service of process but dismissed the case because of opinion that there was lack of jurisdiction of the causes of action. We affirmed the dismissal on the authority of decisions which we thought controlling rendered by the Supreme Court while the appeal was pending before us. See 140 F. 2d 35. The Supreme Court reversed the dismissal and remanded the case to us for consideration of the jurisdictional questions arising out of service of process. 323 U.S. 210, 65 S.Ct. 235.

With respect to the service of process, it appears that summons was issued against the brotherhood, two of its subordinate lodges, Ocean Lodge No. 76 and Port Norfolk Lodge No. 775, W. M. Munden, Chairman of Ocean Lodge, and the railway company. Defendants admit that it was duly and regularly served upon the railway company, Port Norfolk Lodge and W. M. Munden, but deny that the brotherhood and Ocean Lodge were served, since service was not made on an officer, manager or general or authorized agent of the brotherhood and the only service upon Ocean Lodge was service upon its chairman by leaving copies of the summons and complaint with his wife at his usual place of business. They ask that the suit be dismissed as to all parties because they contend that the brotherhood has not been made a party and that its presence is indispensable to jurisdiction against the others. Plaintiff contends that the suit is a class suit and that the service obtained upon members of the class is sufficient to give the court jurisdiction. Three questions are presented for our consideration: (1) May a class suit be brought against an unincorporated association in such a way as to bind the association? (2) May the suit here be treated as such a class suit? (3) If so, has there been sufficient service of process to bring the brotherhood into court? We think that all of these questions should be answered in the affirmative.

The right to bring a class suit to enforce the liability of an unincorporated association existed long prior to the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Smith v. Swormstedt, 16 How. 288, 302, 303, 14 L.Ed. 942. In Story's Equity Pleading, from which quotation is made in the case cited, Mr. Justice Story arranges the cases in which a class suit is proper as follows: "1. Where the question is one of a common or general interest, and one or more sue or defend for the benefit of the whole. 2. Where the parties form a voluntary association for public or private purposes, and those who sue or defend may fairly be presumed to represent the rights and interests of the whole; and 3. Where the parties are very numerous, and though they have or may have separate and distinct interests, yet it is impracticable to bring them all before the court." See also 39 Am.Jur. pp. 920–921, 924. That an unincorporated labor association may sue and

be sued in equity in a class suit, with the suit brought by or against representatives of the class is but an application of the well settled general rule. Evenson v. Spaulding, 9 Cir. 150 F. 517, 9 L.R.A.,N.S., 904; Philadelphia Local 192 of American Federation of Teachers v. American Federation of Teachers, D.C., 44 F.Supp. 345; International Allied, etc., Ass'n v. Master Printers Union, D.C., 34 F.Supp. 178; Pickett v. Walsh, 192 Mass. 572, 78 N.E. 753, 760, 761, 6 L.R.A.,N.S., 1067, 116 Am. St.Rep. 272, 7 Ann.Cas. 638; Reynolds v. Davis, 198 Mass. 294, 84 N.E. 457, 17 L. R.A.,N.S., 162; Oster v. Brotherhood of Locomotive Firemen & Enginemen, 271 Pa. 419, 114 A. 377. Even in a state like West Virginia which adheres to the common law rule that an unincorporated labor association may not be sued as an entity, see Milam v. Settle, W.Va., 32 S.E.2d 269, such an association may be sued in the state courts by naming as parties and serving individually some of the members composing the association. See West v. Baltimore & Ohio R. Co., 103 W.Va. 417, 137 S.E. 654; Simpson v. Grand International Brotherhood of Locomotive Engineers, 83 W.Va. 355, 98 S.E. 580.

▮ The federal rules have in no wise limited or restricted the right to bring class suits in proper cases. Rule 23 provides for them; and, in a note to the rule, the Rules Committee states that it is a substantial restatement of the former equity rule as that rule has been construed by the courts. Subsection a(1) of the rule provides for class actions where the character of the right sought to be enforced for or against the class is joint or common and the persons constituting the class are so numerous as to make it impracticable to bring them all before the court, the typical case of suit by or against an unincorporated association. Professor Moore in Federal Practice vol. 2, p. 2235 et seq. cites suits against unincorporated associations as typical of what he calls the "true class suit" under this rule, i.e. a suit wherein, but for the class action device, the joinder of all interested persons would be essential.

▮ And there is nothing in rule 17(b) which limits the right to bring a class suit under rule 23(a) in proper cases. Rule 17 (b) relates to capacity to sue or be sued; and it provides that, where a partnership or unincorporated association has no such capacity by the law of the state where the court is held, it may nevertheless sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States. There is nothing in this that limits the right to bring the unincorporated association into court by means of a class suit in accordance with the prior practice; and the right to bring such class suit continues to be of great value when the right to sue the association in its common name is, for any reason, unavailable. Instances where it is not available are cases where jurisdiction based on diversity would be defeated by a suit by or against the association but not by a suit by or against representatives or where, as here, it is not possible for the plaintiff to serve process on the association within a convenient jurisdiction. See Moore's Federal Practice vol. 2 p. 2236; Philadelphia Local 192, etc., v. American Federation of Teachers, D.C., 44 F.Supp. 345. The manifest purpose of the provision of rule 17(b) relating to suits against partnerships and unincorporated associations is to add to, not to detract from, the existing facilities for obtaining jurisdiction over them. The language of rule 17(b) relating to suits against partnerships and unincorporated associations is permissive. So also is the language of rule 23(a). Together they provide alternative methods of bringing unincorporated associations into court.

▮ If this were not a class suit, but merely a suit against the unincorporated association in its common name as an entity, there would be much force in the position that the entity was not adequately served. International Brotherhood of Boilermakers v. Wood, 162 Va. 517, 175 S. E. 45, 48. The second question, therefore, becomes important: may the suit as brought be treated as a class suit? We think that it may, since it was undoubtedly brought as a class suit as well as a suit against the brotherhood in its common name. It will be noted that no relief was asked against Munden or the two local lodges except the relief asked against the brotherhood; and it is perfectly clear that they were joined merely as members of the class constituting the brotherhood against which relief was asked in accordance with the practice prevailing in class suits. This is expressly stated in the complaint. Paragraph 4, which relates to the subordinate lodges, contains the following allegation:

"Upon information and belief plaintiff alleges that the defendant subordinate lodges constitute all of the lodges of the defendant Brotherhood within the territorial limits of the Norfolk Division of the United States District Court for the Eastern District of Virginia, and are truly and fairly representative of the remaining lodges of the Brotherhood and of the Brotherhood itself, and the interest of all the members, subordinate lodges and the Brotherhood will be adequately represented in the premises by the defendant of record. *The defendant subordinate lodges are sued as representatives of the membership, all the subordinate lodges and the Brotherhood itself.*" (Italics supplied).

Paragraph 5 of the complaint relates to the defendant Munden and states:

"He is Local Chairman of defendant Ocean Lodge, No. 76, and acts for the Brotherhood in enforcing the schedule of rules and working conditions and in matters of grievance adjustments and job assignments on the Northern Seniority District of said Railroad. *He is sued in his own right and as a representative of the members of the Brotherhood, particularly those employed on the Norfolk Southern Railroad and its successor in interest, the Norfolk Southern Railway Company.*" (Italics supplied).

Coming to the third question, the inquiry here is not whether the service was sufficient in a suit against the brotherhood as an entity under its common name (where the provision of Rule 4(d) (3) would be applicable), but whether the joinder and service upon members of the brotherhood was sufficient to bring them as a class before the court in a class suit under Rule 23(a). The answer is that the two subordinate lodges within the court's jurisdiction were joined, one was unquestionably served, and service was made upon the local chairman of the other. The member who was served was not only chairman of a subordinate lodge but was also representative of the brotherhood, as bargaining agent, in enforcing the rights of employees under their trade agreement with the railway company. This service, as a matter of fact, did bring the brotherhood in, fighting. It cannot be contended with any show of reason that Munden and the subordinate lodge, who were admittedly served, were not fairly representative of the membership of the brotherhood, or that service upon them would not give adequate notice to the class sued to come in and defend; and this, we think, is the criterion as to the sufficiency of joinder and service in a class suit. See United States v. Old Settlers, 148 U.S. 427, 480, 13 S.Ct. 650, 37 L.Ed. 509; Smith v. Swormstedt, supra, 16 How. 288, 302, 303, 14 L.Ed. 942; McClelland v. Rose, 5 Cir., 247 F. 721, 724; American Steel & Wire Co. v. Wire Drawers', etc., Union, C.C., 90 F. 598, 607; 39 Am.Jur. 922; note Ann.Cas.1913C, p. 656. And see, also, Operative Plasterer's and Cement Finishers International Ass'n etc. v. Case, 68 App.D.C. 43, 93 F.2d 56, 65, where service upon the secretary-treasurer of a local union was deemed sufficient to bring the international association into court. While the suit there was against the association in its common name, the same principle would be applicable as to the necessity of serving someone "whose character in relation to the association is such that it could be reasonably expected that he would give notice of the suit to his association."

There is a question whether under the doctrine of the Operative Plasterer's case, supra, service upon Munden and Norfolk Lodge was not service upon agents of the brotherhood sufficient to bring it before the court as an entity, if it had been sued only in its common name and no other element of a class suit had been present. The brotherhood was operating as bargaining agent for the railway company's employees within the court's jurisdiction. In performing its functions as bargaining agent it acted through its subordinate lodges and the officers of those lodges. The subordinate lodges and their officers were unquestionably agencies acting for the brotherhood; and it is not clear why service upon them as agents of the brotherhood would not be sufficient to bring the brotherhood into court. An association or corporation certainly ought not be heard to say that agents through which it transacts the very business for which it is organized and through which it collects funds in a given territory are not agents of such character that process may be served upon them. We need not decide this question, however, as we think that the suit here was unquestionably maintainable as a class suit and that there has been sufficient service upon representative members to give jurisdiction over the entire class constituting the brotherhood. On the same principle, we think that service on Munden was suffi-

cient to bring into court those who were associated with him in Ocean Lodge, whether sufficient to bring in the lodge as an entity or not. This, however, is unimportant, since the only purpose of joining the lodge was to bring in members of the class sued, and even without that lodge there was sufficient representation.

For the reasons stated, we think that there was sufficient service of process to bring the defendants before the court and that the court had jurisdiction of the causes of action alleged. The judgment of dismissal will accordingly be reversed and the cause will be remanded to the District Court for further proceedings not inconsistent with this opinion or the opinion of the Supreme Court.

Reversed and remanded.