CAROLINA CASUALTY INSURANCE COMPANY, a corporation, Plaintiff,

v.

LOCAL NO. 612 INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, an unincorporated association, et al., Defendants.

Civ. A. No. 7945.

United States District Court
N. D. Alabama, S. D.

Jan. 4, 1956.

Reid B. Barnes, of Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for plaintiff.

William E. Mitch, of Cooper, Mitch & Black, Birmingham, Ala., for defendants.

GROOMS, District Judge.

This is an action by the Carolina Casualty Insurance Company, a corporation, a resident of the State of North Carolina, against two Locals of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, unincorporated associations, and eight individuals who are officers and members of said locals. The defendants are sued "as the representatives of a class composed of the International Union (International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America), the unincorporated association, and its members * * * as parties defendant in this action as representatives of said International Union, and all its members, and for the purpose of subjecting the funds and property of the International Union * * *." It is averred that the members of the International Union throughout the United States are so numerous as to make it impracticable to bring them all before the court, and that since the majority of them are located and reside outside the State of Alabama, it is impossible to subject them to the jurisdiction of this court. It is averred that those who are sued are residents of the State of Alabama, and are performing important functions of the International Union within the Northern District of Alabama and will fairly insure the adequate representation of the said International Union and the members thereof.

Plaintiff was the insurer of the Bowman Transportation Company, Inc. It

avers that on several dates in the early part of 1954 the defendants, their servants, agents or employees, with force and violence, willfully or wantonly injured and damaged several motor vehicles of its insured by means of dynamite or other high explosives. Plaintiff avers that it has paid its insured the total sum of $6,935.50. Plaintiff seeks a recovery of said sum and "claims in addition thereto punitive damages of the defendants."

The case is submitted on defendants' motions to dismiss and to strike plaintiff's claim for punitive damages.

■ The suit is properly brought as a class action. Montgomery Ward & Co. v. Langer, 8 Cir., 168 F.2d 182, Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 4 Cir., 148 F.2d 403, White v. Quisenberry, D.C.Mo., 14 F.R. D. 348, Ketcher v. Sheet Metal Workers' International Association, D.C.Ark., 115 F.Supp. 802, Fitzgerald v. Dillon, D.C. N.Y., 92 F.Supp. 681.

■■ Accompanying the motion to dismiss is an uncontroverted affidavit filed on behalf of defendant, Clarence Mandozia, attesting the nonresidence of said defendant. In the light of this affidavit, the motion to dismiss in as far as Mandozia is concerned should be granted. 28 U.S.C.A. § 1391(a) provides that:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

None of the venue statutes accord different treatment to a class action than is accorded to nonclass actions, with the single exception of the stockholders derivative action. 3 Moore's Federal Practice, 2d Ed., Sec. 2314, p. 3488. It does not at this stage appear that said defendant is an indispensable party or that his presence is essential to enable this court to proceed with the case. As indicated by the holding in Montgomery Ward & Co. v. Langer, supra [168 F.2d 188],

"An action may be dismissed as to defendants who are not indispensable, in order to bring about complete diversity of citizenship. Interstate Refineries, Inc., v. Barry, 8 Cir., 7 F.2d 548, 550; Dollar S. S. Lines, Inc., v. Merz, 9 Cir., 68 F.2d 594, 595; International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561, 563."

The motion to dismiss should be overruled as to all defendants except defendant Mandozia, but as to such defendant should be granted, without prejudice, however, to the remaining defendants to challenge the adequacy of their representation of the class as to which the adjudication is sought.

■ With respect to defendants' motion to strike plaintiff's claim for punitive damages, it might be observed that, although it has been held in a number of cases that claims for punitive damages are not recoverable against sureties, Lienkauf v. Morris, 66 Ala. 406; Phillips v. Morrow, 210 Ala. 34, 97 So. 130; 25 C.J.S., Damages, § 125, p. 731, research has failed to reveal a case directly holding that an insurer or a surety suing alone as a subrogee may recover punitive damages against a wrongdoer. It appears to the court, however, that this question is ruled by the principle that subrogation gives indemnity only. It cannot take place beyond the amount actually disbursed, under legal necessity. 83 C.J.S., Subrogation, §§ 14, 52, pp. 614, 681. Defendants' motion to strike plaintiff's claim for punitive damages is due to be granted.