UNITED STATES of America, Plaintiff,

v.

COMMUNIST PARTY OF the UNITED STATES OF AMERICA, Gus Hall as the General Secretary of the Communist Party of the United States of America, Benjamin F. Davis as the National Secretary of the Communist Party of the United States of America, Elizabeth Gurley Flynn as the Chairman or President of the Communist Party of the United States of America, Philip Bart as the Organizational Secretary of the Communist Party of the United States of America, or any other authorized officer of the Communist Party of the United States of America, Defendants.

United States District Court
S. D. New York.
Sept. 17, 1962.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York (Clarence M. Dunnaville, Jr., Asst. U. S. Atty., of counsel), for plaintiff.

John J. Abt, New York City, for defendants.

CROAKE, District Judge.

The individual defendants move for an order pursuant to Rule 21 of the Federal

Rules of Civil Procedure, 28 U.S.C.A. dropping GUS HALL, BENJAMIN J. DAVIS, ELIZABETH GURLEY FLYNN and PHILIP BART as parties defendant to this action on the ground that the complaint fails to state a claim on which relief can be granted against them, and for a further order pursuant to Rule 12(f) to strike paragraphs 4 to 7, inclusive, of the complaint as immaterial and impertinent.

On March 22, 1956 the Commissioner of Internal Revenue made a jeopardy assessment against the Communist Party of the United States of America for the calendar year 1951 for income and excess profits taxes in the sum of $261,058.38, penalties in the sum of $65,262.60, and interest in the sum of $62,952.48. Notice and demand were made to the taxpayer on March 27, 1956 but it has failed to pay any part of the assessment, except that plaintiff has collected $7,720.63 by seizure of property of the Communist Party, leaving a balance due of $381,544.83, plus interest. Plaintiff alleges that the assessment was timely in that no income tax returns were filed for the year 1951 by the Communist Party.

The Government brings this action to collect said tax assessment and demands judgment against the Communist Party of the United States of America, Gus Hall as its General Secretary, Benjamin J. Davis as its National Secretary, Elizabeth Gurley Flynn as its Chairman, and Philip Bart as its Organizational Secretary, and any other authorized officer of the Communist Party of the United States of America.

In order to properly decide the merits of this motion, it is perhaps important to clarify what I believe to be the relevant issue. There is no issue involved in this motion as to the tax liability of the Communist Party. The question before me is whether the Government is entitled to maintain an action against these officers of an unincorporated association, and if they may bring such a suit whether the complaint properly alleges facts upon which such a suit may be maintained.

It is uncontested that the Communist Party is an unincorporated association with headquarters in New York City.

Since the Government is bringing suit for taxes due for the year 1951, the tax liability of these defendants is governed by the provisions of the Internal Revenue Code of 1939, as amended. It appears that under the provisions of the Internal Revenue Code of 1939, or for that matter its successor, the Internal Revenue Code of 1954, there are no specific provisions for the taxation of unincorporated associations or its members. Thus, an unincorporated association such as the one involved in this suit will be either classified as a corporation, partnership, trust, or some other variation of these legal entities recognized by the Code. Since it is apparent that the Communist Party is not a trust, I need only interpret the definitions applicable to partnerships or corporations. Section 3797, 26 U.S.C.A. § 3797, sets forth the definitions applicable to partnerships and corporations. Section 3797 of the Internal Revenue Code of 1939 and the regulations promulgated thereunder appear to deal with the problem of determining into which of these categories an unincorporated association falls for purposes of income taxation. Section 3797(a) (2) defines the terms partnership and partner. The term "partnership":

" * * * includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust, estate or a corporation; and the term 'partner' includes a member in such a syndicate, group, pool, joint venture, or organization."

Section 3797(a) (3) defines a corporation as including:

" * * * associations, joint stock companies, and insurance companies."

Internal Revenue Regulation 39.3797-1 states:

"For the purposes of taxation the Internal Revenue Code makes its own classification and prescribes its own standards of classification. The local law is of no importance in this connection * * *. The term 'partnership' is not limited to the common law meaning of partnership but is broader in its scope and includes groups not commonly called partnerships * * *. The term 'corporation' is not limited to the artificial entity usually known as a corporation, but includes also an association, a trust classed as an association * * *."

Regulation 39.3797-2 states:

"The term 'association' is not used in the Internal Revenue Code in any narrow or technical sense. It includes any organization, created for the transaction of designated affairs, or the attainment of some object, which, like a corporation, continues notwithstanding that its members or participants change, and the affairs of which, like corporate affairs, are conducted by a single individual, a committee, a board or some other group, acting in a representative capacity * * *."

Regulation 39.3707-4 in discussing a partnership states:

"* * * On the other hand, the Code classifies under the term 'corporation' an association or joint stock company, the members of which may be subject to the personal liability of partners. If an organization is not interrupted by the death of a member or by the change in ownership of a participating interest during the agreed period of its existence, and its management is centralized in one or more persons in their representative capacities, such an organization is an association taxable as a corporation * * *."

▮ Although this association might conceivably come within the definition of a partnership which would make its members liable for taxes due, I think that the theory underlying the regulation is that when an association has a continuing character unconnected with any one member and its affairs are directed by a governing board as representatives of the whole association, an association is taxable as a corporation. This theory fits the nature of operations of the Communist Party, or for that matter any other political party in the United States. Indeed, the plaintiff has asserted many of these characteristics in its allegations and supporting affidavits. Thus, I am of the opinion that for tax purposes, this association should be treated as a corporation.

The Government does not contend that there is a provision in the Internal Revenue Code which makes an officer of an association derivatively liable for the taxes simply because he has served or held a responsible official position in the hierarchy of the association. Furthermore, the complaint itself provides little if any information as to what theory the Government is proceeding on to enforce this liability.

As stated above, the complaint demands relief against these individuals in their representative capacity, suggesting perhaps that the Government is proceeding pursuant to Section 13 of the General Associations Law of the State of New York by suing the association in the name of its officers. However, Section 12 provides that such a representative suit must be brought in the name of the president or treasurer, and the Government has not so limited its complaint.

In its brief and opposing affidavits the Government takes the position that these individual defendants may be liable under any of the following theories:

"(1) They may be held individually liable on the theory that they personally perpetrated, authorized, or ratified the transactions which gave rise to the tax liability in question;

"(2) they may be held liable as representatives of all of the mem-

bers of the Communist Party and that this action may be considered a class action under Rule 23(a); and

"(3) they may be personally liable even if they did not authorize or ratify the transactions resulting in the tax liability if it is established that the purpose of the Communist Party was unlawful under the laws of the United States at the time tax liability accrued, and that these defendants knew or should have known that the purpose of the association was unlawful, under the rule that an individual member of an unincorporated association, if he has knowledge of unlawful acts of the association, may be personally liable for liabilities incurred by the association."

The contentions set forth in the affidavits make clear that the Government seeks to impose personal liability on these defendants under theories of State law applicable to the liabilities of members of an unincorporated association. Thus, the Government is not simply suing these individuals in a representative capacity. Although I recognize that in certain situations the Government may proceed under State law to enforce tax liabilities, see Comm. of Internal Revenue v. Stern, 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed.2d 1126 (1958), United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958), the theory upon which the Government relies presents an issue as to whether there can be any federal tax liability on the membership of an unincorporated association when the code and the regulations provide for taxation on a theory that the association is a separate taxable entity from its members.

■ I do not think, however, that this issue should or can be decided on the basis of the papers before me which fail to allege any of the relevant facts and circumstances on which this tax liability is based or the role which these defendants played in the activities which created these liabilities. Thus, I think that any decision on this question should be reserved until there is a full presentation of these relevant factors. I am also of the opinion that the plaintiff has failed to allege any circumstances on which liability could be predicated under State law as enumerated in its first theory set forth above. To impose personal liability on these officers, the complaint must allege that these officers approved, ratified, or otherwise personally perpetrated the transactions from which the alleged tax liability arises. See e. g., Martin v. Curran, 303 N.Y. 276, 101 N.E.2d 683 (1951).

The Government's second contention is that this may be considered a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure. Rule 23(a) provides:

"Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

"(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

■ Plaintiff, of course, may use the provisions of Rule 23(a) of the Federal Rules of Civil Procedure to sue members of an unincorporated association as a class. See Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 148 F.2d 403 (4th Cir. 1945); Montgomery Ward & Co., Inc. v. Langer, 168 F.2d 182 (8th Cir. 1948); Underwood v. Maloney, 14 F.R.D. 222 (E.D.Pa.1953). As sug-

gested above, under New York Law plaintiff would have a remedy available to enforce liability against the members of this unincorporated association as a group by invoking the provisions of Section 13 of the General Associations Law. Since the Court of Appeals of New York has declared Section 13 to be a procedural device only, I see no reason to require plaintiff to use the New York procedure rather than Rule 23(a). See Martin v. Curran, supra. However, if plaintiff is to maintain such a class suit, it must allege the required circumstances set forth in Rule 23(a) of the Federal Rules of Civil Procedure and, additionally, it must allege the necessary facts to show that the individual members of the class are liable pursuant to the substantive law of New York. See e. g., Martin v. Curran, supra. Plaintiff has not set forth such allegations. The fact that the Federal Rules of Civil Procedure do not require adherence to technical rules of pleading does not obviate the need for alleging facts and circumstances which give the opposing party fair notice of the nature and theory of the claim alleged. The degree of specificity, of course, varies from case to case, but in this case I think it is clear that plaintiff has failed to allege any facts which would support the theories urged in its affidavits. Indeed, without the explanation set forth in the affidavits, I would not have thought that the complaint purported to allege individual liability and a motion testing the sufficiency of the complaint cannot be judged by facts offered in supporting affidavits.

■ [The] Government's final contention is that since the purpose of this organization was declared to be unlawful by Congress in enacting 50 U.S.C.A. § 781 et seq., each member of the association having knowledge of the unlawful acts may be liable for tax liability resulting therefrom. Plaintiff relies upon Lawlor v. Loewe, 2 Cir., 187 F. 522 (1911), wherein the Court of Appeals held that union members might be liable for damages resulting from certain unlawful activities carried on by the union leaders with either the express or tacit approval of the members. This case does not establish any novel theory of liability on the part of members of an unincorporated association and, of course, does not support the contention advanced by plaintiff. It is one thing to say that members of an association are liable for damages flowing from unlawful acts of the association which they condone. It is quite another thing to say that the members are liable for income taxes because the organization has been declared by Congress to be pursuing unlawful activities. An income tax is not a penalty tax or license tax levied for the privilege of carrying on an activity. It is simply an assertion by the Government that it has a right to share in any income made by an individual or other taxable entity. Thus, I fail to understand how certain unlawful activities carried on by the organization can create liabilities for income taxes on the part of the general membership. I do not think it would be argued, for example, that if an unincorporated business association was found guilty of a violation of the antitrust laws, this circumstance would *ipso facto* make each of its members liable for income taxes of the association. The Government's claim of tax liability on the part of these individuals must stand on its own feet. The declarations of Congress set forth in 50 U.S.C.A. § 781 et seq., and any liabilities and penalties provided for in those provisions are not related to the dispute before me. Nothing which was decided in Phelps Dodge Refining Corp. v. Federal Trade Commission, 2 Cir., 139 F.2d 393 (1943); Noerr Motor Freight v. Eastern Railroad Presidents Conference, D.C., 155 F.Supp. 768 (1957), in any way supports the Government's contention.

For the foregoing reasons, the individual defendants' motion to dismiss the complaint as to them is granted, with leave to the plaintiff to amend its complaint within twenty days of the filing of this memorandum, such amendment to be effective as of the date of the original complaint.

In view of my disposition of the motion to dismiss, I find it unnecessary to pass upon the request for an order striking certain allegations since the complaint will have to be repleaded.

So ordered.